# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SEGOVIA, | No. 2:14-CV-2397-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| PETERS, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).

/ / /

/ / /

/ / /

1

1       Plaintiff names as defendants correctional officer Peters and Drs. Schaefer,
2 Convalecer, Moon, Ma, Nguyen, and Gill.  Plaintiff states that, in January 2013, he began
3 experiencing "a sharp and consistent pain" in the upper portion of his right leg, where he felt two
4 almond-sized lumps under the skin.  According to plaintiff, he complained to correctional
5 officers that his leg was hurting, at times causing severe pain and at other times causing
6 numbness.  Plaintiff alleges that "C/Os at Kern Valley State Prison (K.V.S.P.) ignored plaintiff's
7 repeated requests for medical attention and refused to get plaintiff any help."

8       Next, plaintiff states that, after two days of being refused any help, he submitted a
9 form requesting to be seen at the medical clinic.  In particular, plaintiff claims that defendant
10 Peters refused to do anything despite being informed that he could not feel his leg.  Plaintiff also
11 told defendant Peters that he was experiencing dizziness, extremely painful and prolonged
12 headaches, and had recently blacked out.  Plaintiff alleges that defendant Peters failed to summon
13 medical help.  Plaintiff states that he later blacked out again and was then taken to the medical
14 clinic but that no doctor was on duty and he was returned to his cell without any treatment.
15 Plaintiff claims that he was then left "to suffer" for four days.

16       On the fifth day following being returned to his cell without treatment, plaintiff
17 was seen at the medical clinic.  Plaintiff states that an unnamed doctor felt the two lumps but
18 could not identify them.  The doctor prescribed Tylenol for pain and recommended that plaintiff
19 be seen by an outside doctor.  According to plaintiff, when he told the doctor that he could not
20 take Tylenol due to a Hepatitis C diagnosis, the doctor responded: "That's not my problem.  It's
21 all I'll give you.  Take them or don't."

22       Plaintiff claims that, after another five days, he was seen at the medical clinic by
23 Dr. Schaefer, who thought the lumps were the result of a bacterial infection and prescribed
24 antibiotics.  When plaintiff explained that the lumps were chronic, the doctor prescribed aspirin
25 for pain, despite plaintiff explaining that his Hepatis C precluded aspirin or Tylenol due to
26 potential liver damage.  According to plaintiff, Dr. Schaefer told him that his "viroload would

allow plaintiff to tolerate any pain." Plaintiff alleges that he suffered "yet another episode" two days later and was seen at the clinic on an emergency basis. Plaintiff claims that the pain in his leg was so severe that he could not put any pressure on it. Plaintiff states that he was seen by Dr. Schaefer who again prescribed Tylenol. Plaintiff next alleges that, after ten days, Dr. Schaefer "realized the lumps were not a bacterial infection and recommended plaintiff be seen by an outside doctor, and a biopsy was done on the lumps." According to plaintiff, a biopsy performed in April 2013 revealed "follicular cancer."

Next, plaintiff claims that, five weeks prior to scheduled surgery to remove the lumps, he was transferred to Corcoran State Prison. At Corcoran, plaintiff was seen by Drs. Convalecer and Moon who, according to plaintiff, "failed to treat plaintiff." Despite this latter claim, plaintiff states that Dr. Convalecer prescribed morphine for pain. According to plaintiff, when he later informed Dr. Convalecer that, despite his prescription for morphine, he was being provided Tylenol, the doctor "did nothing and left plaintiff experiencing severe pain."

In November 2013 plaintiff was transferred to CSP-Sacramento where plaintiff was seen by Dr. Ma, who informed plaintiff that he would been seen by specialists to address the cancer and Hepatitis C. Plaintiff adds that he "was even put up for Hepatitis treatment." According to plaintiff, Drs. Ma and Nguyen recommended Hepatitis C treatment first, while Dr. Gill recommended cancer treatment first. Plaintiff alleges, however, that ultimately the "Institution Medication Management Committee" would not approve treatment for either condition, "leaving plaintiff's conditions untreated and deteriorating."

The court finds that plaintiff fails to state a claim as against Drs. Schaefer, Convalecer, Moon, Ma, Nguyen, or Gill. As plaintiff's own allegations acknowledge, these defendants provided plaintiff with treatment and/or medication. Plaintiff's disagreement with the course of treatment does not state a constitutional claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

///

       The complaint otherwise appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) as against defendant Peters.  If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.  The court, therefore, finds that service is appropriate on defendant Peters.  Because the alleged civil rights violations by Peters took place at Kern Valley State Prison, which is within the boundaries of the Fresno division of the United States District Court for the Eastern District of California, the matter will be transferred to that court for all further proceedings.  See Local Rule 120(b).

       Accordingly, IT IS HEREBY ORDERED that:

       1.    Defendants Schaefer, Convalecer, Moon, Ma, Nguyen, and Gill are dismissed;

       2.    Service is appropriate on defendant Peters; and

       3.    This action is transferred to the United States District Court for the Eastern District of California sitting in Fresno.

DATED: January 12, 2017

                                                **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE